IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | THERESA MARIE SANDERS, an individual, | |
| (2) | NOAH JUSTIN KEMOHAH, an individual, | Case No. 24-CV-00258-MTS |
| (3) | ADRIAN KEMOHAH SANDERS, an individual, | |
| (4) | MAHADA BERNADETTE SANDERS, an individual, | **Jury Trial Demanded** |
| | Plaintiffs, | **Attorney's Lien Claimed** |
| | v. | |
| (1) | GRAND RIVER DAM AUTHORITY | |
| | Defendants. | |

## COMPLAINT

**COMES NOW**, the Plaintiffs and for their claims against the Defendants allege the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are adult members of the Osage Nation who are heirs of Thomas Kemohah, a full blood Osage Indian who was allotted real property in Osage County, Oklahoma. The property described below, which is currently owned by the Plaintiffs, is a part of that allotted land (hereinafter "Subject Property" or "Plaintiffs' Property"). The Subject Property remains restricted by the Bureau of Indian Affairs.

2. Defendant Grand River Dam Authority ("GRDA") is an agency of the state of Oklahoma which controls, develops, and maintains the Grand River waterway as Oklahoma's largest Public Power electric utility.

3. The amount in controversy between the parties exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4. This Court has jurisdiction of both the subject matter and parties to this action pursuant to 28 U.S.C. § 1331, and venue is proper in this Court in that the Subject Property which is central to Plaintiffs' claims in this action, is located within the Northern District of Oklahoma.

5. The Plaintiffs have given written notice of the filing of this action to the United States Department of Interior, Office of the Solicitor General – Tulsa field office.

## STATEMENT OF THE CASE

6. Plaintiffs collectively own an undivided ½ interest in restricted title in and to the Southeast Quarter (SE/4) of Section 16, Township 21 North, Range 9 East of the Indian Base and Meridian, Osage County, State of Oklahoma[1] (collectively the "Subject Property").

7. GRDA is the owner of and is responsible for a certain Electric Line that traverses the Subject Property. At all pertinent times, GRDA, or its predecessors, were the owners of and were responsible for the Electric Line.

8. A document purporting to be a "Right-of-Way Easement" was filed on August 1, 1941, on Page 140 of Book 65, at the Osage County Land Records Office in Pawhuska, Oklahoma. See Right-of-Way Easement attached hereto and marked as **Exhibit 1.** The record is not signed by the record landowners, does not bear their seal, and is not approved by the Bureau of Indian Affairs or any other federal agency or commissioner.

---

[1] Plaintiff Theresa Marie Sanders owns both a life estate to an undivided, restricted interest and an interest in title; Noah Justin Kemohah, Adrian Kemohah Sanders, and Mahada Bernadette Sanders own title to said life estate and also own undivided, restricted interests in the SE/4.

9. Another document purporting to be a right of way agreement titled "Telephone, Telegraph, or Power Line Rights of Way over Osage Indian Land" dated August 20, 1942, was filed October 27, 1949, on Page 139 of Book 65, at the Osage County Land Records Office in Pawhuska, Oklahoma, attached hereto and marked as **Exhibit 2.** Exhibit 2 purports to authorize KAMO electric cooperative, Inc., and its successors and assigns, to construct, reconstruct, renew, operate, maintain, inspect, alter, repair, and remove a 44 KV single pole transmission line. The purported authorization is limited to a period of twenty (20) years. Exhibit 2 bears no signature or seal of any of the record land owners. Exhibit 2 purports to have been forwarded by the Osage agency in Pawhuska to the Commissioner of Indian Affairs to be approved.

10. There is no record that a right of way or easement was approved by the Commissioner of Indian Affairs, nor that Plaintiffs' ancestors acknowledged, approved, or received compensation for the right of way or easement described in Exhibit 1 and Exhibit 2.

11. At an unknown point in time GRDA constructed a *multi-pole* transmission line ("Electric Line"), the KV of which is currently unknown to plaintiffs (emphasis added). The Electric Line traverses the entire ½ mile length of the southern edge of the Subject Property.

12. GRDA's dealings with non-Indians who own a share in the tract of land resulted in an easement contract titled Easement for Transmission Line ("Electric Line Easement") with Fred G. Drummond on November 14, 1988, which was filed on November 21, 1988, on Page 189, Book 745, at the Osage County Land Records Office in Pawhuska, Oklahoma. *See* Electric Line Easement attached hereto and marked as **Exhibit 3**.

13. GRDA entered into similar contracts with landowners in the vicinity of the Subject Property whose properties were traversed by the Electric Line, who granted easements titled Easement for Transmission Line to Grand River Dam Authority. Upon information and

3

belief, Grand River Dam Authority nor its predecessors ever acquired an Electric Line Easement from the Plaintiffs or their predecessors in title.

14. As a result of the construction and maintenance of the Electric Line traversing the Subject Property, which is a portion of the original allotment of Thomas Kemohah, which construction occurred approximately 72 years ago in 1942, and the subsequent failure to obtain a signature on their Electric Line Easement, to have the contract approved by the BIA, GRDA has unlawfully and willfully maintained its Electric Line on the Subject Property since approximately 1942.

15. On July 15, 1998, GRDA and their predecessors in interest–KAMO Electric Cooperative– entered into an agreement titled "Deed and Assignment of Right of Way Easements" ("Assignment") that was filed on June 6, 2005, Document number 2005-5281, on Pages 347 to 357 of Book 1228, in the Osage County Land Records Office, Pawhuska, Oklahoma. Page 355 of Book 1228 of the Assignment (page 6 of 8 of the Assignment's "Exhibit A") lists Exhibit 1 and Exhibit 2 of Plaintiffs' Petition as "ROW Easements." *See* Assignment attached hereto and marked as **Exhibit 4.**

## FIRST CLAIM FOR RELIEF

### (Quiet Title)

16. Plaintiffs hereby incorporate all of the allegations set forth in the preceding paragraphs 1 through 15.

17. The only documents on record that discuss terms for establishing right of way with Plaintiff's for the Subject Property are unambiguous records in Exhibit 1 and Exhibit 2.

18. Exhibit 1 does not bear a seal or signature of any of the record land owners nor is it approved by the Bureau of Indian Affairs or the Department of the Interior. The land has been

4

restricted in respect to the record landowners since it was allotted in the 1906 Allotment Act[2], which means that it cannot be alienated without approval by the appropriate government agency.

19. Exhibit 2 does not bear a seal or signature of any of the record land owners, it only purports to have been sent to government agencies for approval, it limits the term of any easement to twenty (20) years, and it limits the easement to a 44 KV *single pole* transmission line (emphasis added).

20. There have been no subsequent records establishing right of way with Plaintiffs for a multi-pole transmission line, approval of any right of way by the Bureau of Indian Affairs, consecutive twenty (20) year updates as mandated by the terms of Exhibit 2, signatures or seals by any of the record landowners to satisfy the statute of frauds, or evidence of compensation to Plaintiffs or their ancestors. *See* Exhibit 1 and Exhibit 2.

21. As a result of the foregoing, Plaintiffs are entitled to a decree of this Court quieting its title against any purported interest of Grand River dam Authority who has violated Plaintiffs' rights in and to the Subject Property by maintaining the Electric Line without an easement or right of way.

## SECOND CLAIM FOR RELIEF

**(Trespass)**

22. The Plaintiffs incorporate by reference all of the allegations set forth in the preceding paragraphs 1-21.

23. Neither the Plaintiffs nor their predecessors in title have given GRDA or its predecessors permission to enter into or remain on Plaintiffs' Property since 1942 when GRDA apparently first placed an Electric Line on the property.

---

[2] *See* Osage Allotment Act of 1906, 34 Stat. 539.

24. GRDA has intentionally and willfully maintained and used its profitable Electric Line on the Subject Property without lawful right or permission, and continues to do so.

25. GRDA has oppressively, intentionally, and willfully entered into and remained on the Subject Property without lawful right or permission.

26. The presence of GRDA"s Electric Line upon the Subject Property constitutes a continuing trespass to this day, for which the Plaintiffs should be justly compensated.

27. The past and current acts of GRDA were and are willful, wanton, and in total disregard of the rights of the Plaintiffs, and justify an award of punitive damages to the Plaintiffs.

### THIRD CLAIM FOR RELIEF

**(Unjust Enrichment)**

28. The Plaintiffs incorporate by reference all of the allegations set forth in the preceding paragraphs 1-27.

29. GRDA has been transporting and selling electricity via its Electric Line, which has unlawfully occupied the Plaintiffs' Property since 1942, when the Electric Line was constructed across the Subject Property.

30. GRDA has profited and benefited from its unlawful use of the Subject Property in amounts unknown to Plaintiffs, but which total hundreds of thousands if not millions of dollars.

31. Neither the Plaintiffs nor any of their predecessor owners have received any compensation whatsoever from GRDA for its profits from its unlawful use of the Subject Property since 1942 when the original Electric Line was put in place

32. GRDA has been unjustly enriched for decades by its unlawful use of the Plaintiffs' Property, and by its dismissal of the Plaintiffs' right to be compensated for the use of their property. GRDA's unjust enrichment continues even now.

33. GRDA continues to ignore the property rights of the Plaintiffs and willfully refuses to compensate the Plaintiffs for its use of Plaintiffs' Property, all of which constitute malicious, reckless, and unconscionable conduct by GRDA.

34. It would be unjust to permit GRDA to retain the fruits of its misconduct, and equity requires that the Plaintiffs be afforded a remedy.

## FOURTH CLAIM FOR RELIEF

### (Fraud)

35. The Plaintiffs incorporate by reference all of the allegations in the preceding paragraphs 1-34.

36. On July 15, 1998, GRDA and their predecessors in interest–KAMO Electric Cooperative– entered into an agreement titled "Deed and Assignment of Right of Way Easements" ("Assignment") that was filed on June 20, 2005, Document number 2005-5281, on Pages 347 to 357 of Book 1228, in the Osage County Land Records Office, Pawhuska, Oklahoma. Page 355 of Book 1228–page 6 of 8 of the Assignment's "Exhibit A"– lists Exhibit 1 and Exhibit 2 of Plaintiffs' Petition as Right of Way Easements.

37. GRDA committed actual fraud within the meaning of 15 O.S. §15-58 on July 5, 1998, when they entered into the Assignment with KAMO electric. Actual fraud within the meaning of 15 O.S. §15-58:

> [C]onsists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:
> 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true.
> 2. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true.
> 3. The suppression of that which is true, by one having knowledge or belief of the fact.
> 4. A promise made without any intention of performing it; or,
> 5. Any other act fitted to deceive.

38. Plaintiffs are "another party thereto" with regard to the Assignment, because the contract purports to assign an easement area and right of way within the Subject Property.

39. In the Assignment, GRDA connived, with the intent to deceive Plaintiffs, to suggest, as a fact, that they had obtained right of way to the Subject Property from Plaintiffs by the records of Exhibit 1 and Exhibit 2.

40. In the Assignment, GRDA falsely asserted that they had obtained right of way to the Subject Property from Plaintiffs by the records of Exhibit 1 and Exhibit 2, which, as outlined in paragraphs 17-20 above, is not warranted by the plain language on the face of the records.

41. In the Assignment, GRDA suppressed by omission the fact that they never obtained right of way to the Subject Property from Plaintiffs for the Electric Line, though they knew and believed that Exhibit 1 and Exhibit 2 did not in fact provide them with right of way for the Electric Line.

**FIFTH CLAIM FOR RELIEF**

**(Slander of Title)**

42. The Plaintiffs incorporate by reference all of the allegations in the preceding paragraphs 1-41.

43. Defendant's published the Assignment on June 20, 2005, when they filed it in the Osage County Land Records Office, in Pawhuska, Oklahoma, Document number 2005-5281, on Pages 347 through 357, in Book 1228.

44. Defendant's publication of Plaintiff's Exhibit 1 and Exhibit 2 in the Assignment constitutes a slander of Plaintiffs' title to the Subject Property.

45. The representation that Exhibit 1 and Exhibit 2 provide Defendant with right of way to the Subject Property is a false and unprivileged statement.

46. Defendant acted in bad faith when they published the Assignment and they had no probable cause to include Exhibit 1 and Exhibit 2 in the publication.

47. The Defendant knew that the publication is false and that publishing it would result in harm to the Plaintiffs, yet they published the Assignment with a reckless disregard of its falsity.

48. As a result of Defendant's slanderous publication Plaintiffs are owed special damages.

**SIXTH CLAIM FOR RELIEF**

**(Injury to Real Property)**

49. The Plaintiffs incorporate by reference all of the allegations in the preceding paragraphs 1-48.

50. GRDA's unlawful conduct has caused, and continues to cause, physical injury to the Subject Property.

51. Such conduct on the part of GRDA has been, and continues to be, negligent, reckless, willful, and/or intentional.

52. Plaintiffs are entitled to receive just compensation for the past and future injuries to the Subject Property, which have been, and continue to be, the result of GRDA's conduct.

53. GRDA's past and continuing misconduct violates Plaintiffs' rights not only under the common law of Oklahoma but also under 76 O.S. § 1.

**SEVENTH CLAIM FOR RELIEF**

**(Nuisance)**

54. The Plaintiffs incorporate by reference all of the allegations in the preceding paragraphs 1-53.

55. GRDA continues to unlawfully operate, maintain, and utilize its Electric Line through the Subject Property.

56. GRDA continues to unlawfully transport and sell electricity via its unlawful Electric Line on the Subject Property.

57. GRDA'S actions in the unlawful placement and use of its Electric Line on the Subject Property and its actions in unlawfully transporting and selling products through its Electric Line on Subject Property vex, annoy, injure, and endanger the comfort, repose, health, and safety of the Plaintiffs as well as their guests and invitees. Furthermore, GRDA'S conduct renders the Plaintiffs insecure in the enjoyment and use of their property.

58. All of the unlawful actions of GRDA involving the Plaintiffs' Property constitute a nuisance to the Plaintiffs, for which the Plaintiffs should be justly compensated.

### IMPOSITION OF PUNITIVE DAMAGES

59. GRDA and its affiliated companies and subsidiaries have a history of reaping substantial economic benefits from their unlawful use of other's lands without fair compensation, and for many years without any compensation whatsoever.

60. GRDA has blatantly discriminated against the Plaintiffs–Osage Nation Members–by excluding them from easement negotiations, and trespassing upon their land, either for profit or for purely discriminatory purposes.

61. GRDA and their predecessors in interest have had actual notice of the Plaintiffs', and Plaintiffs' predecessors, majority ownership of the Subject Property since at least August 1, 1941, when they filed the record shown in Exhibit 1.

62. GRDA and their predecessors attempted to conceal their malfeasance through fraud and slanderous publications.

63. GRDA and their predecessors recruited the help of several, if not dozens of employees, including the Chairman of the Board of Directors and attorneys, to perpetrate the trespass onto Plaintiffs' property.

64. The circumstantial evidence surrounding GRDA's actions implies actual malice.

65. Because of GRDA's longstanding and continuing unlawful conduct and its history of knowingly profiting from its trespassory use of the lands of others without paying just compensation, its conduct constitutes a reckless and wanton disregard of the Plaintiffs' rights, entitling the Plaintiffs to an award of punitive damages.

**PRAYER**

WHEREFORE, the Plaintiffs request that the Court grant them the following relief: Quiet Title to the Subject Property; award actual damages to compensate the Plaintiffs for their mental suffering, economic loss, inconvenience, and other harm for the claims outlined above; enjoin Grand River dam Authority from continuing to use the Subject Property for its own benefit and profit; order the immediate removal of GRDA's Electric Line from the Plaintiffs' Property; require complete restoration of the said property to its natural state; order GRDA to disgorge its unlawful profits from its decades-long unlawful use of the Plaintiffs' Property; award to Plaintiffs the disgorged profits; award Plaintiffs punitive damages for discrimination, malfeasance, and the intentional and malicious disregard of the Plaintiffs' rights by GRDA – all in amounts in excess of seventy-five thousand dollars ($75,000.00); and grant to the Plaintiffs an award of attorney's fees and such other relief, including interest and costs, as may be deemed just by the Court.

Respectfully Submitted,

_/s/ Noah Kemohah_____
Noah J. Kemohah
OK Bar No. 35654
Attorney for Plaintiffs
Against-the-Wind Law, LLC
705 West Rogers Blvd.
Skiatook, Oklahoma 74070
Telephone: (539) 832-6737
Email: noahkemohah@gmail.com

**JURY TRIAL REQUESTED**

**ATTORNEY'S LIEN CLAIMED**