IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | THERESA MARIE SANDERS, an individual, | |
| (2) | ADRIAN KEMOHAH SANDERS, an individual, | CASE NO.: 24-CV-00258-MTS |
| (3) | MAHADA BERNADETTE SANDERS, an individual, | MAGISTRATE JUDGE MARK T. STEELE |
| (4) | JAMES P. BOESE, an individual, | |
| (5) | MONICA BOESE, an individual, | **JURY TRIAL DEMANDED** |
| (6) | ALYSHA BOESE, an individual, | **ATTORNEY'S LIEN CLAIMED** |
| | PLAINTIFFS/COUNTERCLAIM DEFENDANTS, | |

v.

(1)   GRAND RIVER DAM AUTHORITY,

DEFENDANT/COUNTERCLAIMANT/ THIRD-PARTY PLAINTIFF,

v.

(1) KAMO ELECTRIC COOPERATIVE, INC.,
(2) NOAH KEMOHAH, an individual,
(3) 15 ACRES OF LAND IN OSAGE COUNTY, OKLAHOMA,
(4) THE UNITED STATES, and
(5) FRED G. DRUMMOND RANCHES, INC.,

THIRD-PARTY DEFENDANTS.

### GRAND RIVER DAM AUTHORITY'S THIRD-PARTY COMPLAINT

Grand River Dam Authority ("GRDA"), for its Third-Party Complaint against KAMO Electric Cooperative, Inc. ("KAMO"), Noah Kemohah, 15 Acres of Land in Osage County, Oklahoma, The United States, and Fred G. Drummond Ranches, Inc. ("Drummond"), states and alleges as follows:

**FACTS AS ALLEGED**

1. GRDA is an agency of the State of Oklahoma, and possesses authority to acquire by condemnation any and all property necessary, incidental or convenient to the exercise of the powers, rights, privileges and functions conferred upon it by law pursuant to 82 O.S. § 862.

2. GRDA is additionally empowered to use eminent domain under Oklahoma and federal law pursuant to 27 O.S. §§ 4, 7, and 9, 25 U.S.C. § 357, and 16 U.S.C. § 814.

3. Usage of approximately 15 Acres of Land in Osage County, Oklahoma, which is the subject of the Plaintiffs' Complaint against GRDA, is necessary, incidental and convenient to the operations of GRDA as a utility provider, as Federal Energy Regulatory Commission licensee, and in administration of the power, authority, and responsibility bestowed upon it by the State of Oklahoma.

4. Title to the 15 Acres of Land in Osage County, Oklahoma is held by the following persons or entities with the corresponding interest, some of which is restricted according to Plaintiffs' Amended Complaint:

| | |
|---|---|
| Fred G. Drummond Ranches, Inc. (unrestricted) | 6/24 undivided interest |
| Adrian Sanders (restricted) | 4/24 undivided interest |
| Mahada Sanders (restricted) | 4/24 undivided interest |
| Noah Kemohah (restricted) | 4/24 undivided interest |
| Monica Boese (restricted) | 3/24 undivided interest |
| Alysha Boese (restricted) | 3/24 undivided interest |

5. Beneficial interests are allocated as follows:

| | |
|---|---|
| Fred G. Drummond Ranches, Inc. (unrestricted) | 6/24 undivided interest |
| Adrian Sanders (restricted) | 2/24 undivided interest |
| Mahada Sanders (restricted) | 2/24 undivided interest |
| Noah Kemohah (restricted) | 2/24 undivided interest |
| Theresa Marie Sanders (restricted) | 6/24 undivided interest |
| James P. Boese (restricted) | 3/24 undivided interest |
| Alysha Boese (restricted) | 3/24 undivided interest |

6. According to Plaintiffs, restricted interests are held in restricted status against alienation by the United States, as managed by the Department of the Interior, Bureau of Indian Affairs, and the United States acts as trustee for the restricted interest holders.

7. The 15 Acres of Land in Osage County, Oklahoma, which is the subject of the below action for condemnation, is located in the **Southeast Quarter (SE¼) Section 16, Township 21 North, Range 9 East of Osage County, Oklahoma**, extends for approximately ½ mile from the eastern boundary to the western boundary of the quarter section, and is further described as follows:

> **Tract No. 377-23.1**
> A strip of land one hundred fifty (150) feet in width, including any area in this tract on the 150 foot strip which extends beyond the entry and exit points of the centerline because of the angle of the centerline with the property line, in the SE¼ of Section 16, Township 21 North, Range 9 East, Osage County, Oklahoma, the centerline of which is to be centered on the currently existing structure known as Line 377.
>
> And
>
> **Tract No. 700-23.1**
> A strip of land one hundred (100) feet in width, including any area in this tract on the 100 foot strip which extends beyond the entry and exit points of the centerline because of the angle of the centerline with the property line, in the SE¼ of Section 16, Township 21 North, Range 9 East, Osage County, Oklahoma, the centerline of which is to be centered on the currently existing structure known as Line 700.

8. The above land subject to condemnation is being condemned only as to a right of way/easement, and is not being condemned in fee, for the purpose of constructing, reconstructing, replacing, removing, and maintaining an electric line, and using lines and towers with such wires and cables as the GRDA shall from time to time suspend therefrom for the transmission of electric energy and/or communication lines and all necessary and

proper foundations, footings, cross arms, guy wires, and other appliances and fixtures for use in connection with such towers, wires, and cables for the transmission of electric current upon, over, and across the condemned land.

9. Plaintiffs filed their First Amended Complaint on May 27th, 2025, alleging the following claims against the GRDA: quiet title, trespass, unjust enrichment, fraud, slander of title, injury to real property, and nuisance. *See* Doc. 65.

10. Plaintiffs allege they are adult members of the Osage Nation who are heirs of allotee Thomas Kemohah. *Id.* ¶ 1.

11. Plaintiffs allege they "collectively own an undivided ¾ interest in restricted title in and to the Southeast Quarter (SE/4) of Section 16, Township 21 North, Range 9 East of the Indian Base and Meridian, Osage County, State of Oklahoma" ("Property"). *Id.* ¶ 6. The Plaintiffs allege their interest in the Property remains restricted by the Bureau of Indian Affairs. *Id.* ¶ 1.

12. Plaintiffs allege that KAMO acquired a right-of-way agreement from Plaintiffs' predecessor in interest, Thomas Kemohah, which is invalid because it "is not signed by the record landowners, does not bear their seal, and is not approved by the Bureau of Indian Affairs or any other federal agency or commissioner." *Id.* at ¶¶ 8-9.

13. Specifically, Plaintiffs allege the following documents were not approved through the processes Plaintiffs claim are required for acquiring rights-of-way across land held in restricted status by the Bureau of Indian Affairs:

> "A document purporting to be a 'Right-of-Way Easement'…filed on October 27, 1949, on Page 140 of Book 65, at the Osage County Land Records Office in Pawhuska, Oklahoma"; and
>
> "'Telephone, Telegraph, or Power Line Rights of Way over Osage Indian Land' dated August 20, 1942,…filed on the same date-October 27, 1949-

4

on Page 139 of Book 65, at the Osage County Land Records Office in Pawhuska, Oklahoma."

*Id.* at ¶ 9.

14. Moreover, Plaintiffs allege that there is no record that KAMO was granted any valid right-of-way across the Property or that Plaintiffs' predecessor in interest received any compensation for the right-of-way. *Id.* ¶ 10.

15. Plaintiffs allege an electric line was placed on the Property in 1942. *Id.* ¶ 23.

16. Plaintiffs allege the right-of-way agreement and electric line were assigned to GRDA by KAMO via an agreement titled "Deed and Assignment of Right of Way Easements,…filed on June 20, 2005, Document number 2005-5281, on Pages 347 to 357 of Book 1228, in the Osage County Land Records Office, Pawhuska, Oklahoma."

*Id.* ¶ 36.

17. Plaintiffs allege that the right-of-way agreement was invalid and that there was an active trespass when KAMO assigned the right-of-way to GRDA on July 5, 1998. *Id.* at ¶¶ 22-26.

18. During discovery in this matter, on February 27, 2025, Plaintiffs admitted they are seeking damages from GRDA, in part, for the actions of KAMO Electric Cooperative and the presence of the KAMO electrical lines on the Property prior to the execution of the agreement titled "Deed and Assignment of Right of Way Easements" in 1998.

**FIRST CLAIM FOR RELIEF**
**(Condemnation against Noah Kemohah, 15 Acres of Land in Osage County, Oklahoma, The United States, as trustee for restricted interest holders, and Fred G. Drummond Ranches, Inc.)**

All allegations of the First Amended Complaint are alleged and incorporated herein.

19. GRDA produces and transmits electricity and communications throughout the state of Oklahoma.

20. GRDA is a licensee of the Federal Energy Regulatory Commission pursuant to the Federal Power Act.

21. Use of the 15 Acres of Land in Osage County, Oklahoma, as described herein, is necessary, incidental and convenient to the operations of GRDA for purposes including, but not limited to, transmission of electric power and communications.

22. All title owners and equitable interest holders, plus the United States as Trustee for land maintained in restricted status and the land itself, are included as defendants to this action for condemnation in accordance with FED. R. CIV. P. 71.1.[1]

23. GRDA petitions this Court for condemnation of the 15 Acres of Land in Osage County, Oklahoma, as more specifically outlined herein.

24. GRDA requests, in the interests of justice and judicial economy, that the Court appoint a Commission to determine just compensation in accordance with FED. R. CIV. P. 71.1(h)(2).

**SECOND CLAIM FOR RELIEF**
**(Implied Indemnity against KAMO)**

All allegations of the First Amended Complaint are alleged and incorporated herein.

25. KAMO has a special relationship with the parties and these events, because KAMO contracted with Plaintiffs' predecessor in interest for the right-of-way, constructed

---

[1] GRDA understands that Noah Kemohah has initiated the process to transfer his interest to Theresa Marie Sanders, and GRDA anticipates dismissal of Noah Kemohah once that transfer completes. Similarly, GRDA has reached an agreement with Drummond to sell the at issue easement to GRDA, and GRDA anticipates dismissal of Drummond once that sale is completed.

the complained of electrical line(s), and then assigned that right-of-way and electrical line(s) to GRDA.

26. While GRDA denies Plaintiffs' allegations and each of their claims, in this litigation it is alleged that GRDA should be found liable to Plaintiffs for damages because of the actions of KAMO and the presence of the KAMO electrical line(s) on the Property prior to the execution of the agreement assigning the right-of-way and electrical lines to GRDA.

27. As such, Plaintiffs seek to hold GRDA constructively liable for the alleged actions of KAMO and to impute damages to GRDA which Plaintiffs allege were caused by KAMO.

28. GRDA has a right to and demands indemnity from KAMO for the damages Plaintiffs are seeking from GRDA for the actions of KAMO Electric Cooperative and the presence of the KAMO electrical lines on the Property prior to GRDA's acquisition of the at-issue right-of-way and electrical line(s).

**WHEREFORE**, Grand River Dam Authority demands a jury trial on all issues and requests judgment in its favor on its Third-Party Complaint.

    Respectfully submitted,
    **Rhodes, Hieronymus, Jones,**
      **Tucker & Gable, P.L.L.C.**

By:    */s/Randall E. Long*
    Randall E. Long, OBA 22216
    rlong@rhodesokla.com
    Austin T. Jackson, OBA 33922
    ajackson@rhodesokla.com
    Caleb S. McKee, OBA 32066
    cmckee@rhodesokla.com
    P.O. Box 21100
    Tulsa, Oklahoma 74121-1100
    (918) 582-1173; fax: (918) 592-3390
      ***Attorneys for Defendant,***
      ***Grand River Dam Authority***

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 10th day of June 2025 I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing on the following ECF registrants:

Noah J. Kemohah
Against-the-Wind Law, LLC
705 West Rogers Blvd.
Skiatook, OK 74070
***Attorneys for Plaintiff***

                */s/Randall E. Long*
                Randall E. Long