# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | THERESA MARIE SANDERS, an individual, | |
| (2) | ADRIAN KEMOHAH SANDERS, an individual, | Case No. 24-CV-00258-MTS |
| (3) | MAHADA BERNADETTE SANDERS, an individual, | |
| (4) | JAMES P. BOESE, an individual, | **Jury Trial Demanded** |
| (5) | MONICA BOESE, an individual, | **Attorney's Lien Claimed** |
| (6) | ALYSHA BOESE, an individual, | |
| | PLAINTIFFS/COUNTERCLAIM DEFENDANTS | |
| | v. | |
| (1) | GRAND RIVER DAM AUTHORITY | |
| | DEFENDANT/COUNTERCLAIMANT/ THIRD-PARTY PLAINTIFF | |
| | v. | |
| (1) | KAMO ELECTRIC COOPERATIVE, INC., | |
| (2) | NOAH KEMOHAH an individual, | |
| (3) | 15 ACRES OF LAND IN OSAGE COUNTY, OKLAHOMA | |
| (4) | THE UNITED STATES, AND | |
| (5) | FRED G. DRUMMOND RANCES, INC. | |
| | THIRD-PARTY DEFENDANTS. | |

**ANSWER TO GRAND RIVER DAM AUTHORITY'S THIRD PARTY COMPLAINT**

**COMES NOW**, Noah Kemohah, Pro Se Plaintiff/Counterclaim Defendant ("Third-party Defendant"), to answer Defendant Grand River Dam Authority's ("GRDA" or "Defendant")

action for Condemnation against the Third-Party Defendant's "15 acres of land in Osage County, Oklahoma," (the "Property") as follows :

### FACTS AS ALLEGED

1. Paragraph No. 1 of GRDA's Counterclaim is admitted.

2. Paragraph No. 2 of GRDA's Counterclaim is admitted in part, but is denied as to GRDA's empowerment pursuant 16 U.S.C. § 814.

3. Paragraph No. 3 of GRDA's Counterclaim is denied.

4. Paragraph No. 4 of GRDA's Counterclaim is admitted.

5. Paragraph No. 5 of GRDA's Counterclaim is admitted.

6. Paragraph No. 6 of GRDA's Counterclaim is admitted in that Third-Party Defendant owns a restricted interest in the Property that is subject to this condemnation, which is held in restricted status against alienation by the United States, and is managed by the Department of the Interior, Bureau of Indian Affairs, and the United States acts as trustee for the restricted interest holder. Moreover, the Third-Party Defendant is an Osage Nation member who owns an undivided ¾ interest in restricted title–collectively with the Plaintiffs/Counterclaim Defendants–in and to the Southeast Quarter (SE/4) of Section 16, Township 21 North, Range 9 East of the Indian Base and Meridian, Osage County, State of Oklahoma.[1] Said interests descended by inheritance and bloodline from Thomas Kemohah, an original Osage Allottee, through the Act of June 28, 1906, 34 Stat. 539.

---

[1] The "collective ¾ interest" includes that interest owned by Noah Kemohah, which is currently in process of transfer to Theresa M. Sanders pending final action by the Bureau of Indian Affairs and/or Osage Nation Real Estate Services. Noah Kemohah has been sued and is filing separately as a Pro Se litigant until the transfer has been finalized and he is dismissed from this action.

7. Paragraph No. 7 of GRDA's Counterclaim is admitted insofar as to the location of the section, township and range, but Third-Party Defendant is without sufficient information to either admit or deny the other allegations described in Paragraph No. 7 of GRDA's Counterclaim, therefore they are denied.

8. Third-Party Defendant is without sufficient information to either admit or deny the allegations described in Paragraph No. 8 of GRDA's Counterclaim, therefore they are denied.

9. Paragraph No. 9 of GRDA's Counterclaim is admitted.

10. Paragraph No. 10 of GRDA's Counterclaim is admitted.

11. Paragraph No. 11 of GRDA's Counterclaim is admitted.

12. Paragraph No. 12 of GRDA's Counterclaim is admitted.

13. Paragraph No. 13 of GRDA's Counterclaim is admitted.

14. Paragraph No. 14 of GRDA's Counterclaim is admitted.

15. Paragraph No. 15 of GRDA's Counterclaim is admitted.

16. Paragraph No. 16 of GRDA's Counterclaim is admitted.

17. Paragraph No. 17 of GRDA's Counterclaim is admitted.

18. Paragraph No. 18 of GRDA's Counterclaim is admitted.

19. Paragraph No. 19 of GRDA's Counterclaim is admitted.

20. Third-Party Defendant is without sufficient information to either admit or deny the allegations described in Paragraph No. 20 of GRDA's Counterclaim, therefore they are denied.

21. Paragraph No. 21 of GRDA's Counterclaim is denied.

22. Third-Party Defendant is without sufficient information to either admit or deny the allegations described in Paragraph No. 22 of GRDA's Counterclaim, therefore they are denied.

23. Paragraph No. 23 of GRDA's Counterclaim is denied.

24. Paragraph No. 24 of GRDA's Counterclaim is denied insofar as the complexities of the case require a jury to determine just compensation for the Property.

### DEFENSES

1. GRDA may have failed to acquire, renew, and/or maintain a permit and/or license as required pursuant to 16 U.S.C.A. § 798 et seq.

2. GRDA may have failed to abide by state and/or federal law in the process of filing this condemnation action.

3. GRDA has alternate remedies available.

4. GRDA's condemnation action is unnecessary as there are alternate properties and routes available for GRDA's electric lines.

5. GRDA failed to provide adequate notice.

6. GRDA failed to negotiate reasonably or in good faith.

7. GRDA failed to make a bona fide offer to purchase Third-Party Defendant's Property.

8. GRDA's appraisal of the Property was inadequate.

9. Third-Party Defendant was not afforded an opportunity to be present during appraisal.

10. GRDA intentionally made it necessary for Third-Party Defendant to institute legal proceedings to prove the fact of the taking of his real property.

4

11. GRDA's condemnation action may be barred by waiver, ratification, and estoppel.

12. GRDA's condemnation action is an excessive taking.

13. GRDA's condemnation action is an unjustifiable interference with a contract of the Counterclaim Defendant.

14. GRDA's condemnation action is not ripe for judicial review.

15. GRDA is precluded from their condemnation action due to fraud in contracting for title to Third-Party Defendant's Property as follows:

   a. On July 15, 1998, GRDA and their predecessor–KAMO Electric Cooperative– entered into an unlawful contract agreement titled "Deed and Assignment of Right of Way Easements" ("Assignment") that was filed on June 20, 2005, Document number 2005-5281, on Pages 347 to 357 of Book 1228, in the Osage County Land Records Office, Pawhuska, Oklahoma.

   b. GRDA committed actual fraud within the meaning of 15 O.S. §15-58 on July 5, 1998, when they entered into the Assignment with KAMO electric. Actual fraud within the meaning of 15 O.S. §15-58:

   > [C]onsists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:
   > 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true.
   > 2. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true.
   > 3. The suppression of that which is true, by one having knowledge or belief of the fact.
   > 4. A promise made without any intention of performing it; or,
   > 5. Any other act fitted to deceive.

    c. Third-Party Defendant is "another party thereto" with regard to the Assignment, because the contract purports to assign an easement area and right of way within the Property.

    d. In the Assignment, GRDA connived, with the intent to deceive Third-Party Defendant, to suggest, as a fact, that they had obtained right of way to the Property from Third-Party Defendant.

    e. In the Assignment, GRDA falsely asserted that they had obtained right of way to the Property from Third-Party Defendant, which is not warranted by the plain language on the face of any associated land records or contracts.

    f. In the Assignment, GRDA suppressed by omission the fact that they never obtained right of way to the Property from Third-Party Defendant for the predecessor's Electric Line, though they knew and believed that no adequate right of way was filed of record.

**PRAYER**

WHEREFORE, Noah Kemohah respectfully requests that this Court dismiss him and his real property that is the subject of this condemnation from this lawsuit or grant judgement in his favor and grant to Noah Kemohah an award of attorney's fees and such other relief, including interest and costs, as may be deemed just by the Court.

Respectfully Submitted,

*/s/ Noah Kemohah*

_____
Noah J. Kemohah
OK Bar No. 35654
Against-the-Wind
705 West Rogers Blvd.
Skiatook, Oklahoma 74070
Telephone: (539) 832-6737
Email: noahkemohah@gmail.com
Appearing Pro Se

**JURY TRIAL REQUESTED**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2025, a true and correct copy of the above Motion was electronically transmitted to the Clerk of the Court through the ECF System for filing and transmittal of a Notice of Electronic Filing on the following ECF registrants:

Randall E. Long, OBA #22216
rlong@rhodesokla.com
Austin T. Jackson, OBA #33922
ajackson@rhodesokla.com
Caleb S. McKee, OBA #32066
cmckee@rhodesokla.com
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918)582-1173
Attorneys for Defendant

*/s/ Noah Kemrohah*

_____