IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  THERESA MARIE SANDERS, an individual,<br>(2)  ADRIAN KEMOHAH SANDERS, an individual,<br>(3)  MAHADA BERNADETTE SANDERS, an individual,<br>(4)  JAMES P. BOESE, an individual,<br>(5)  MONICA BOESE, an individual,<br>(6)  ALYSHA BOESE, an individual,<br><br>     PLAINTIFFS/COUNTERCLAIM DEFENDANTS,<br><br>v.<br><br>(1)  GRAND RIVER DAM AUTHORITY,<br><br>     DEFENDANT/COUNTERCLAIMANT/ THIRD-PARTY PLAINTIFF,<br><br>v.<br><br>(1)  KAMO ELECTRIC COOPERATIVE, INC.,<br>(2)  NOAH KEMOHAH, an individual,<br>(3)  15 ACRES OF LAND IN OSAGE COUNTY, OKLAHOMA,<br>(4)  THE UNITED STATES, and<br>(5)  FRED G. DRUMMOND RANCHES, INC.,<br><br>     THIRD-PARTY DEFENDANTS. | CASE NO.: 24-CV-00258-MTS<br>MAGISTRATE JUDGE MARK T. STEELE |

**THIRD-PARTY DEFENDANT KAMO ELECTRIC COOPERATIVE INC'S MOTION TO STRIKE PLAINTIFFS' RESPONSES TO THIRD-PARTY DEFENDANT KAMO'S MOTION TO DISMISS DEFENDANT/THIRD-PARTY PLAINTIFF GRAND RIVER DAM AUTHORITY'S THIRD-PARTY COMPLAINT AND BRIEF IN SUPPORT**

COMES NOW, Third-Party Defendant KAMO Electric Cooperative, Inc. ("KAMO"), by and through counsel Brice Bisel and Daniel Bryan of Hornbeek, Vitali & Braun, PLLC and Stratton Taylor, Clint Russell, and Jacob Daniel of Taylor, Foster, Mallett, Downs, Ramsey & Russell, P.C., and hereby files a Motion to Strike Plaintiffs' Responses [Dkt. No. 87 & 88] to KAMO's Motion to Dismiss Defendant/Third-Party Plaintiff Grand River Dam Authority's ("GRDA") Third-Party Complaint. This Motion is made pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Civ. P. 14(a)(4). In support of such Motion, KAMO states as follows:

**I.    Introduction**

On June 4, 2024, Plaintiffs filed their Complaint against Defendant GRDA. [Dkt. 1]. Plaintiffs filed no claims against KAMO in the original Complaint, nor have they done so in any Amended Complaint or other pleading to date. On February 24, 2025, the Court entered an amended scheduling order with a deadline for joinder of additional parties and/or amendments to the pleadings on March 21, 2025. [Dkt. 43]. On March 21, 2025, GRDA sought leave to file its Third-Party Complaint against KAMO, with such Motion being granted. [Dkt. 47]. Throughout that briefing process, at no time did Plaintiffs seek leave to join KAMO nor did Plaintiffs seek leave to amend to include claims against KAMO. Instead, on March 21, 2025, Plaintiffs sought leave to join additional plaintiffs and add additional claims against Defendant GRDA. [Dkt. 48]. Once again, at no point did Plaintiffs seek leave to bring claims against KAMO. Plaintiffs Amended Complaint, filed on May 27, 2025, did not include any claims against KAMO. [Dkt. 65]. GRDA answered the Amended Complaint and filed its Third-Party Complaint against KAMO on June 10, 2025. [Dkt. 70]. KAMO filed its Motion to Dismiss the Third-Party Complaint on July 1, 2025 [Dkt. 78].

Not once, in the previous year of this case, have Plaintiffs informed the Court, in any fashion, of their intention to bring claims against KAMO. Nor have Plaintiffs in any fashion sought leave from this Court to amend their Complaint to include claims against KAMO, nor have they filed a Third-Party Complaint against KAMO pursuant to Fed. R. Civ. P. 14(a)(3). Instead, in response to a Motion which in no way related to Plaintiffs, Plaintiffs chose to file responses to KAMO's Motion to Dismiss as to GRDA's Third-Party Complaint. [Dkt. 87 & 88]. Instead of any response to such Motion, these "responses" include what appear to be Plaintiffs' claims against KAMO. By couching an untimely Amended Complaint as a "response brief," it appears Plaintiffs wish to subvert the Federal Rules of Civil Procedure. Not only were such claims filed without leave of Court, a response to a Motion is not a proper vehicle in which to bring such claims. As such, KAMO would ask that Docket Entries 87 and 88 be stricken pursuant to Fed. R. Civ. P. 12(f).

## II.   Argument and Authorities

### a. Standard of Decision

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such Motion may be made by any party prior to responding to such pleading. *Id*. In instances where the pleading is immaterial, courts may strike such pleading. *Harper v. Tirello*, 2017 WL 6459803, *4 (N.D. Okla. Dec. 18, 2017).[1] This Court enjoys considerable discretion in determining whether or not Plaintiffs' responses should be stricken. *Kirby v. Tulsa Community College*, 2018 WL 2436407, *1 (N.D. Okla., May 30, 2018) (citing *Big Cats of Serenity Springs, Inc. v. Vilsack*, 84 F. Supp. 3d 1179,

---

[1] Similarly, Fed. R. Civ. P. 14(a)(4) provides that "any party may move to strike the third party claim…."

3

1198 (D. Colo. 2015 and *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 978 (N.D. Okla. 2017)); *see also Scherer v. U.S. Dep't of Educ.*, 78 Fed. Appx. 687, 689 (10th Cir. 2003).

While Courts typically do not strike motions and response briefs—as they are not technically pleadings—Plaintiffs attempt to cast an untimely Complaint as a response brief brings this matter within Rule 12(f). Simply put, Plaintiffs have miscast a pleading as a response brief—without seeking leave of Court to properly file such pleading. As such, it is within this Court's discretion to strike Plaintiffs' response briefs as they are actually pleadings—and not responses to a motion. *See* Fed. R. Civ. P. 7(a)(1), 7(a)(5) (defining pleadings as "a complaint" and "a third-party complaint"); *see also* Fed. R. Civ. P. 7(b) (defining motions separately from "pleadings").[2]

### b. Plaintiffs' Responses (Dkt. No. 87 & 88) should be stricken for failure to adhere to the Federal Rules of Civil Procedure.

Plaintiffs chose to respond to a Motion to Dismiss which in no way relates to their claims as such Motion relates solely to the Third-Party Complaint filed by GRDA against KAMO. However, such responses are not any form of a response to the Motion to Dismiss. Instead, Plaintiffs appear to be attempting to file an Amended Complaint or a Third-Party Complaint against KAMO by way of a response brief. KAMO is aware of no such authority for Plaintiffs to do so. On that basis alone, such responses should be stricken as immaterial.

However, out of an abundance of caution, there exist multiple grounds for this Court to strike such "pleadings" filed by Plaintiffs because such filings are untimely, ignore the Federal Rules of Civil Procedure, and occurred without leave of Court. Such failures are shocking in light

---

[2] KAMO would also argue that this Court can construe these "response" briefs as "complaints" or "pleadings" pursuant to Fed. R. Civ. P. 8(e) which requires that such pleadings "must be construed so as to do justice."

of Plaintiffs' clear understanding that such procedures are necessary—as Plaintiffs sought leave mere months ago to add claims against GRDA, as well as add named Plaintiffs.

As a starting point, this Court's most recent scheduling order required that any joinder of claims or parties, including amended pleadings, shall occur by March 21, 2025. [Dkt. 43]. Plaintiffs' attempt to file their complaint against KAMO by way of a response brief is in no way timely pursuant to such scheduling order—warranting the striking of such "pleadings" as untimely.

Under Fed. R. Civ. P. 14(a)(3), Plaintiffs may assert against KAMO "any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."[3] However, to make such claims, Plaintiffs must "assert [such claims] directly against the third-party defendant either by amendment or by a new pleading…" Advisory Committee Notes to 1946 Amendment to Fed. R. Civ. P. 14. Plaintiffs did not do so—they merely couched such claims as a response brief to an unrelated motion to dismiss. Such procedure is not proper under Rule 14 and warrants the striking of such attempt. *See Carmin v. Virtus Group, LLC*, 2018 WL 5298154, at *2 (W.D. Okla. Oct. 25, 2018) (noting that Rule 14(a)(3) requires the Plaintiff to seek leave to file an amended complaint); *Blakely v. Arch Ins. Co.*, 2019 WL 13198238 (N.D. Okla. Oct. 18, 2019) (same). It is well-settled that claims cannot be brought by way of motions (or responses to motions)—but instead must be brought by way of a pleading. Fed. R. Civ. P. 7(1); *see also Smith v. United States*, 2024 WL 4218850, *3 fn 6 (W.D. Va. Sept. 17, 2024) ("…allegations are not considered a part of Plaintiff's complaint just because he raised them in a subsequent filing, such as a response to a motion to dismiss. New claims would need to be brought

---

[3] In no way does KAMO agree that such claims are proper, even if such claims were filed properly by Plaintiffs. KAMO anticipates filing a Motion to Dismiss as to all claims brought, or attempted, by Plaintiffs.

through an amended complaint."), attached hereto as <u>Exhibit 1</u>. As such, Plaintiffs' attempt to subvert Fed. R. Civ. P. 14 warrants the striking of the "responses" filed as Docket Entries 87 and 88.

Additionally, Plaintiffs did nothing to comply with Fed. R. Civ. P. 15. Rule 15(a)(2) requires that any amended pleading in this situation may only be filed with the opposing party's consent or by way of leave of Court. Nowhere do these "responses" indicate Plaintiffs have sought consent from any party, nor did Plaintiffs seek leave of Court to bring such claims against KAMO—despite clearly understanding the need to seek leave when previously amending their Complaint. Rule 15(a)(2) "provides that the court should freely give leave when justice so requires." Feltz v. Board of County Commissioners, 2021 WL 754832, *2 (N.D. Okla. Feb. 26, 2021). However, Plaintiffs' total absence of effort in failing to seek leave warrants the striking of these "responses." *See Matthews v. Labarge, Inc.*, 407 Fed. Appx. 277 (10th Cir. 2011) (affirming trial court decision to strike third amended complaint because it was filed without Rule 15 compliance).

Plaintiffs' failure to seek leave as required by Rule 15(a)(2) renders such "claims"—albeit couched as a response brief—improperly before the Court. As such, the response briefs should be stricken pursuant to Fed. R. Civ. P. 12(f) as immaterial as they in no way relate to the Motion to Dismiss and are not properly before this Court as an Amended Complaint or a Third-Party Complaint.

**III. Conclusion**

Despite repeated instances in this case where the parties have properly employed the Federal Rules of Civil Procedure in relation to amended pleadings and/or third-party pleadings, Plaintiffs for some reason have chosen to totally disregard such rules. Plaintiffs submit no

6

authority which allows them to couch an Amended Complaint as a response brief. Such attempt is improper and should be stricken as immaterial pursuant to Rule 12(f) because such attempted "pleading" in no way complied with the Federal Rules of Civil Procedure and the scheduling order in this case.

WHEREFORE, Defendant KAMO Electric Cooperative, Inc., hereby requests that this Court strike Plaintiffs' Response briefs (Dkt. 87 & 88) and order any other such relief which this Court deems proper.

Respectfully submitted,

**Hornbeek, Vitali & Braun, PLLC**

-and-

**Taylor, Foster, Mallett, Downs, Ramsey & Russell**

By: __/s/Brice W. Bisel_____
Brice W. Bisel, OBA 30986
bisel@hvblaw.com
Daniel E. Bryan, III, OBA 20036
bryan@hvblaw.com
Hornbeek, Vitali & Braun, PLLC
3711 North Classen Boulevard
Oklahoma City, OK 73118
(405) 236-8600 Telephone
(405) 236-8602 Facsimile

-and-

Stratton Taylor, OBA 10142
staylor@soonerlaw.com
Clint Russell, OBA 19209
crussell@soonerlaw.com
Jacob Daniel, 32760

7

>jdaniel@soonerlaw.com
>P.O. Box 309
>400 W 4th Street
>Claremore, OK 74017
>918-343-4100
>
>***Attorneys for Defendant,***
>***KAMO Electric Cooperative, Inc.***

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 16th day of July, 2025 I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing on the following ECF registrants:

| | |
|---|---|
| Noah J. Kemohah | Randall E. Long |
| Against-the-Wind Law, LLC | Austin T. Jackson |
| 705 West Rogers Blvd. | Caleb S. McKee |
| Skiatook, OK 74070 | P.O. Box 21100 |
| ***Attorneys for Plaintiff*** | Tulsa, Oklahoma 74121-1100 |
| | (918) 582-1173; fax: (918) 592-3390 |
| | ***Attorneys for Defendant,*** |
| | ***Grand River Dam Authority*** |

/s/Brice W. Bisel
_____
Brice W. Bisel

8