## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | Theresa Marie Sanders, an individual, | |
| (2) | Adrian Kemohah Sanders, an individual, | Case No. 24-CV-00258-MTS |
| (3) | Mahada Bernadette Sanders, an individual, | |
| (4) | James P. Boese, an individual, | **Jury Trial Demanded** |
| (5) | Monica Boese, an individual, | **Attorney's Lien Claimed** |
| (6) | Alysha Boese, an individual, | |
| (7) | Noah Kemohah an individual, | |
| | PLAINTIFFS/COUNTERCLAIM DEFENDANTS | |
| | v. | |
| (1) | Grand River Dam Authority | |
| | DEFENDANT/COUNTERCLAIMANT/ THIRD-PARTY PLAINTIFF | |
| | v. | |
| (1) | KAMO Electric Cooperative, Inc., | |
| (2) | 15 Acres of Land in Osage County, Oklahoma | |
| (3) | The United States, and | |
| (4) | Fred G. Drummond Rances, Inc. | |
| | THIRD-PARTY DEFENDANTS. | |

**PLAINTIFFS' RESPONSE TO THIRD-PARTY DEFENDANT KAMO ELECTRIC COOPERATIVE INC'S MOTION TO STRIKE PLAINTIFFS' RESPONSES TO THIRD-PARTY DEFENDANT KAMO'S MOTION TO DISMISS DEFENDANT/THIRD-PARTY PLAINTIFF GRAND RIVER DAM AUTHORITY'S THIRD-PARTY COMPLAINT AND BRIEF IN SUPPORT**

**COME NOW**, Theresa Marie Sanders, Adrian Kemohah Sanders, Mahada Bernadette Sanders, James P. Boese, Monica Boese, and Alysha Boese ("Plaintiffs"), by their attorney of record Noah Kemohah, and file their response to Third-Party Defendant KAMO Electric Cooperative, Inc.'s Motion Strike Plaintiffs' Responses to Third/Party Defendant KAMO's Motion to Dismiss Third-Party Plaintiff Grand River Dam Authority's Third-Party Claim for Constructive Indemnification ("Motion to Strike") as follows:

## I. Introduction

Plaintiffs filed Responses to Third/Party Defendant KAMO's Motion to Dismiss Third-Party Plaintiff Grand River Dam Authority's Third-Party Claim for Constructive Indemnification ("Responses") in good faith and within the parameters of the Federal Rules of Civil Procedure for third-party practice. Plaintiffs' Responses were filed both as claims against Third-Party Defendant KAMO Electric Cooperative, Inc. ("KAMO") and to timely provide the Court with considerations for denial of KAMO's Motion to Dismiss Third-Party Plaintiff Grand River Dam Authority's Third-Party Claim for Constructive Indemnification ("Motion to Dismiss").

In their Motion to Strike, KAMO accurately reports on the procedural history of the case prior to their entrance as a Third-Party Defendant. KAMO was impleaded into this matter upon the insistence of Defendant Grand River Dam Authority ("GRDA"). Plaintiffs were not provided with detailed legal theories underpinning GRDA's impleading of KAMO. The Court scheduled deadlines for Plaintiffs' amended pleadings to be submitted weeks prior to GRDA's deadline for the addition of third parties and claims. Plaintiffs do not have to amend, because Fed. R. Civ. P 14(a)(3) and federal case precedent authorize new pleadings with claims against KAMO that arise out of the same series of transactions and occurrences as Plaintiffs' original complaint.

2

## II. Argument and Authorities
### A. Legal Standard

To strike a pleading Under Fed. R. Civ. P. 12(f), the Court must first find the pleading to contain "redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are disfavored except under extraordinary circumstances." *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 1056 (N.D. Okla. 2017) (citing 5C C. Wright & A. Miller, *Federal Practice & Procedure* § 1382, at 433–36 (3d. ed. 2004); *Scherer v. U.S. Dep't of Educ.*, 78 Fed.Appx. at 689 (10th Cir. 2003)(unpublished)). "Striking a pleading or part of a pleading is a 'drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored.' " *Emergency Med. Servs. Auth. v. Am. Med. Response Ambulance Serv., Inc.*, No. 20-CV-455-GKF-CDL, 2021 WL 1298927, at 5 (N.D. Okla. Apr. 7, 2021) (citing *Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.*, No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at 5 (N.D. Okla. Jan. 8, 2010) (quoting *Burget v. Capital West Sec., Inc.*, 2009 WL 4807619, 1 (W.D. Okla. Dec. 8, 2009)). "Motions to strike 'should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.' " *Id* at 5 (citing *Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564-TCK-JFJ, 2019 WL 4307125 at * 13 (N.D. Okla. Sept. 11, 2019) (quoting Wright & Miller, Federal Practice & Procedure § 1382).

### B. Third-Party Practice

KAMO's exact argument was overruled in another federal court when the plaintiff in *Mooneyham v. NaturMed, Inc.* filed a new pleading against a third-party that had been impleaded

under a theory of indemnity. *See generally Mooneyham v. NaturMed, Inc.*, No. 3:17CV162-WKW, 2018 WL 1369921 (M.D. Ala. Mar. 16, 2018).

> [T]he permissive language of Fed. R. Civ. P. 14 (a)(3), coupled with the advisory committee's note that specifically contemplates in the disjunctive the filing of an amendment *or* a new pleading, persuades the court that, pursuant to Fed.R.Civ.P. 14(a)(3), Mooneyham's complaint is a new pleading that is not constrained by the time restrictions of the court's scheduling order.

*Id* at 2.

KAMO misquotes and misinterprets one of the oldest Notes of Advisory Committee on Rules from the 1946 Amendment of Fed. R. Civ. P 14 by stating that "Plaintiffs must 'assert [such claims] directly against the third-party defendant either by amendment or by a new pleading…'" The Notes from the 1946 Amendment actually state that a "plaintiff may, if he desires," assert claims "against the third-party defendant either by amendment or by a new pleading." Fed. R. Civ. P 14 advisory committee's notes to 1946 amendment. Contrary to KAMO's assertions, these notes clarify the distinction between the permissive nature of Fed. R. Civ. P 14(a)(3) and the compulsory nature of admiralty law where "the defendant was entitled to insist that the plaintiff proceed to judgment against the third-party defendant." Fed. R. Civ. P 14 advisory committee's notes to 1966 amendment (commenting on advisory committee's notes to 1946 amendment).

Fed. R. Civ. P 14(a)(3) does expressly provide a limitation to the procedure by which a Plaintiff may bring claims against an impleaded third-party. The most recent Advisory Committee Note on Fed. R. Civ. P 14 from 2007 states that "[a] plaintiff should be on equal footing with the defendant in making third-party claims, whether the claim against the plaintiff is asserted as a counterclaim or as another form of claim." These notes recognize scenarios where a plaintiff files claims against an impleaded third-party that are not brought through the operation

4

of an amended pleading. *See generally Mooneyham* No. 3:17CV162-WKW. Depending on the circumstances, Fed. R. Civ. P 14(a)(3) provides for the original Plaintiff to bring counterclaims, perhaps crossclaims, claims through an amended complaint, claims in new pleadings, or even for "another form of claim."

Fed. R. Civ. P 14(a)(3) does not require that Plaintiffs obtain leave of Court for a new pleading, it does not cross reference other Federal Rules of Civil Procedure for filing a new pleading, and it appears to welcome yet undefined procedural mechanisms for claims against impleaded third-parties. The only accurate statement in KAMO's argument is that the Notes of Advisory Committee on Rules from the 1946 Amendment of Fed. R. Civ. P 14 prescribe a mechanism for Plaintiffs to file "a new pleading" against KAMO as an impleaded third-party. *See generally* Fed. R. Civ. P 14 advisory committee's notes.

### C. KAMO must defend or suffer judgment on the pleadings

Plaintiffs' Responses are authorized pursuant to Fed. R. Civ. P 14(a)(3), which allows plaintiffs to file new pleadings against impleaded third-parties. In *Mooneyham*, the plaintiff styled their new pleading as a "Fed.R.Civ.P. 14(a)(3) complaint." Plaintiffs Responses contain claims conforming to the pleading requirements of Fed. R. Civ. P. 8. Pursuant to Fed. R. Civ. P 14(a)(3) Plaintiffs' claims stem from the same series of transactions and occurrences as those listed in Plaintiffs' claims against GRDA. Fed. R. Civ. P 14(a)(3) mandates that KAMO "assert any defense under Rule 12 and any counterclaim under Rule 13(a), and may assert any counterclaim under Rule 13(b) or any crossclaim under Rule 13(g)."

### III. Conclusion

Fed. R. Civ. P 14(a)(3) is an expansive rather than limiting mechanism for plaintiffs to bring new claims against an impleaded third-party, and Plaintiffs are not limited to bringing such claims through amended pleadings alone. Just as in *Mooneyham*, Plaintiffs are authorized pursuant to Fed. R. Civ. P 14(a)(3) to issue new pleadings against KAMO. *See generally Mooneyham* No. 3:17CV162-WKW. KAMO's Motion to Strike fails to specify how Plaintiffs' new pleadings are "redundant, immaterial, impertinent, or scandalous" under Fed. R. Civ. P 12(f). Instead, KAMO misdirects the Court to irrelevant procedural flaws related to circumstances involving amended pleadings.

### PRAYER

WHEREFORE, the Plaintiffs request that the Court dismiss third-party Defendant KAMO Electric Cooperative, Inc.'s Motion to Strike and grant to the Plaintiffs an award of attorney's fees and such other relief, including interest and costs, as may be deemed just by the Court.

Respectfully Submitted,

*/s/ Noah Kemohah*

---

Noah J. Kemohah
OK Bar No. 35654
Against-the-Wind
705 West Rogers Blvd.
Skiatook, Oklahoma 74070
Telephone: (539) 832-6737
Email: noahkemohah@gmail.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2025, a true and correct copy of the above Motion was electronically transmitted to the Clerk of the Court through the ECF System for filing and transmittal of a Notice of Electronic Filing on the following ECF registrants:

| | |
|---|---|
| Randall E. Long, OBA #22216<br>rlong@rhodesokla.com<br>Austin T. Jackson, OBA #33922<br>ajackson@rhodesokla.com<br>Caleb S. McKee, OBA #32066<br>cmckee@rhodesokla.com<br>P.O. Box 21100<br>Tulsa, Oklahoma 74121-1100<br>(918)582-1173<br>Attorneys for Defendant GRDA | Brice W. Bisel, OBA 30986<br>bisel@hvblaw.com<br>Daniel E. Bryan, III, OBA 20036<br>bryan@hvblaw.com<br>Hornbeek, Vitali & Braun, PLLC<br>3711 North Classen Boulevard<br>Oklahoma City, OK 73118<br><br>-and-<br><br>Stratton Taylor, OBA 10142<br>staylor@soonerlaw.com<br>Clint Russell, OBA 19209<br>crussell@soonerlaw.com<br>Jacob Daniel, 32760<br>jdaniel@soonerlaw.com<br>P.O. Box 309<br>400 W 4th Street<br>Claremore, OK 74017 |

_____
Noah J. Kemohah