**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **THERESA MARIE SANDERS, et al.,** ) | |
| ) | |
| **Plaintiffs, Counterclaim Defendants/** ) | |
| **Third-Party Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 24-CV-258-MTS** |
| ) | |
| **GRAND RIVER DAM AUTHORITY,** ) | |
| ) | |
| **Defendant/Counterclaimant/** ) | |
| **Third-Party Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **KAMO ELECTRIC COOPERATIVE, INC.,** ) | |
| **et. al.,** ) | |
| ) | |
| **Third-Party Defendants.** ) | |

## OPINION AND ORDER

Before the Court is Third-Party Plaintiffs' Rule 59(e) Motion to Amend and Alter the Court's March 31, 2026, Opinion and Order and Brief in Support.  (Docket No. 144).  After considering the parties' briefing on the matter and the applicable caselaw, Third-Party Plaintiffs' Motion to Amend and Alter is hereby **DENIED**.

## Background and Procedural History

On June 4, 2024, Plaintiffs Theresa Marie Sanders, Adrian Kemohah Sanders, Mahada Bernadette Sanders, James P. Boese, Monica Boese, and Alysha Boese ("Plaintiffs") brought their initial action against Defendant Grand River Dam Authority ("GRDA"). (Docket No. 1).  Plaintiffs filed their First Amended Complaint on May 27, 2025, which included claims against GRDA for quiet title, trespass, unjust enrichment, fraud, slander of title, injury to real property, and nuisance. (Docket No. 65 at 5-11).  Plaintiffs also included allegations that prior to GRDA's ownership of

certain electric lines that traverse their property, KAMO Electric Cooperative, Inc. ("KAMO") owned and maintained the electric lines and utilized certain unapproved right-of-way easements from at least 1942 until KAMO assigned the easements to GRDA in 1998. *Id.* at 2-4.

On July 17, 2025, Plaintiffs filed a Third-Party Complaint against KAMO, asserting claims for quiet title, unjust enrichment, fraud, and slander of title arguing that KAMO unlawfully and willfully maintained the electric lines "starting from the dates of construction and continuing until on or about the date of the Assignment." (Docket No. 95 at 5-9). In response, KAMO filed its Motion to Dismiss Plaintiffs' Third-Party Complaint on August 5, 2025. (Docket No. 105). KAMO argued that Plaintiffs lacked standing to bring their claims because Plaintiffs neither owned nor possessed any interest in the subject property before KAMO's assignment of the electrical line and right-of-way easements to GRDA on July 15, 1998. *Id.* at 5-9. It also asserted that Plaintiffs could not rely on alleged harms to their ancestors to satisfy the "injury in fact" element for standing. *Id.* at 8-10. Conversely, Plaintiffs responded that they had standing to bring their claims against KAMO pursuant to certain federal regulations, congressional legislation, and Oklahoma law. (Docket No. 108 at 3). They argued that KAMO's liability did not cease in 1998 because the assignment of the easements to GRDA was void for lack of federal approval and KAMO remained bound under the easements until "released by Plaintiffs." *Id.* at 5-6. Plaintiffs further asserted that their claims were for "live ongoing injuries [] proximately attributable to KAMO" which "became injurious to all Plaintiffs [] the moment each acquired an interest in the property . . . [and] will continue to cause injury to Plaintiffs until they are compensated[.]" *Id.* at 2.

After considering the extensive briefing by the parties and applicable caselaw, the Court entered its Opinion and Order granting KAMO's Motion to Dismiss Plaintiff's Third-Party Complaint on March 31, 2026. (Docket No. 141). Ultimately, the Court determined that Plaintiffs

2

failed to establish possession or ownership of the property from 1942-1998, the period at issue in Plaintiffs' Third-Party Complaint. *Id.* at 6. The Court was also unpersuaded by Plaintiffs' reliance on provisions of the Osage Allotment Act of 1906, Article I, § 3 of the Oklahoma Constitution, federal statutes addressing Indian lands, and the alleged harms by KAMO to their ancestors as a means to establish the injury in fact necessary for standing. *Id.* at 7-10. Accordingly, the Court found that Plaintiffs lacked standing to bring their claims against KAMO and dismissed Plaintiff's Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id.* at 9-10.

On April 6, 2026, Plaintiffs filed their Rule 59(e) Motion to Amend and Alter the Court's March 31, 2026, Opinion and Order and Brief in Support. (Docket No. 144). KAMO filed its Response on April 14, 2026. (Docket No. 146). Plaintiffs filed their Reply on April 23, 2026. (Docket No. 148). As such, the Motion is ripe for review.

## Legal Standard

Plaintiffs seek reconsideration of the Court's Opinion and Order under Federal Rule of Civil Procedure 59(e).[1] Commonly referred to as a motion to reconsider, a Rule 59(e) motion "is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (internal citation omitted). The grounds warranting the grant of a Rule 59(e) motion "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable,

---

[1] The Court notes that Rule 59(e) applies to a judgment, which has not been entered in this case. However, the Tenth Circuit has recognized that "[d]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011). Such practice is consistent with Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." In fact, when considering a Rule 54(b) motion, a court may look to the standard used to consider a Rule 59(e) motion. *See Carbajal v. Lucio*, 832 F. App'x. 557, 569 (10th Cir. 2020).

and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, the motion is appropriate where the court has "misapprehended the facts, a party's position, or the controlling law." *Id.* at 1012. However, it is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Sims v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-23-780-R, 2026 WL 915584, at *1 (W.D. Okla. Apr. 3, 2026), quoting *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). Nor should it be used to revisit previously addressed issues or "advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012.

## Discussion

In their Motion, Plaintiffs assert the Court's Opinion and Order contains "manifest errors of law and fact" creating "premature judicial involvement" that resulted "in a judgment on the merits." (Docket No. 144 at 2). Specifically, Plaintiffs argue that the Opinion and Order "should be altered to address: first, injuries to the Plaintiffs as Trust Beneficiaries under an existing Trust that has persisted since 1906;[2] second, Plaintiffs' assertion that KAMO has an ongoing physical presence on the subject property until released by the Secretary of the Interior; and third, viable claims such as fraud that did not accrue until the time of discovery." *Id.* at 2; *see id.* at 4-9. Plaintiffs also contend that the Assignment created "a continuing cloud of title upon the unextinguished 1906 trust, which has held legal title since before the Assignment was filed."[3] *Id.* at 9.

---

[2] Plaintiffs later characterize this argument as the Court's failure to address "the interest of the Osage Allotment trust during the time period of 1942-1998." *Id.* at 3.

[3] In Plaintiffs' Reply, they characterize their Rule 59(e) arguments as follows: "[1] Plaintiffs have standing to bring claims as successor trust beneficiaries concerning injuries to unextinguished trust lands; [2] KAMO disclaimed its right to be relieved of liability for transgressions against unextinguished Indian trust land without first obtaining approval by the Secretary of the Interior;

In its Response, KAMO argues that Plaintiffs' Motion is improper under Rule 59(e) as it "does nothing more than (1) regurgitate arguments previously considered by this Court and (2) provide additional case law and argument which it did not provide—despite no less than three opportunities to do so." (Docket No. 146 at 2). Specifically, KAMO contends that certain arguments in Plaintiffs' Motion are contrary to the allegations of the Third-Party Complaint and made on behalf of a trust that has never been a party to the lawsuit. *Id.* at 6-7, 11. KAMO further asserts that Plaintiffs mischaracterize the additional caselaw cited in their Motion and fail to show "that this Court construed the applicable law incorrectly or made an egregious mistake of fact." *Id.* at 5, 9-10. According to KAMO, Plaintiffs appear to merely disagree with the Court's ruling(s)." *Id.* at 5.

The Court finds that Plaintiffs have failed to meet the requirements of Rule 59(e). In their Motion, Plaintiffs argue that they have standing to bring their claims against KAMO because federal courts have exclusive jurisdiction over restricted Indian lands and that the Court failed to address the interest of the Osage Allotment Trust for the 1942-1998 period or Plaintiffs' interests as "trust beneficiaries." (Docket No. 144 at 4-7). They assert that KAMO's alleged conduct during the 1942-1998 period at issue in the Third-Party Complaint injured the trust and, as trust beneficiaries, Plaintiffs have standing. (Docket No. 144 at 5- 6). However, the Court addressed Plaintiffs' argument of exclusive federal jurisdiction in its Opinion and Order, specifically Plaintiffs' reliance on the Osage Allotment Act of 1906, the Oklahoma Constitution, and other

---

[3] KAMO's 1998 fraud is ongoing, and viable according to Oklahoma law because it was recently discovered by the current trust beneficiaries; [and 4] KAMO has created an ongoing cloud of title upon an unextinguished trust that has held continuous legal title since 1906." (Docket No. 148 at 7).

federal statutes.  (Docket No. 141 at 7-8).  The Court determined that none of the cited authorities support Plaintiffs' arguments for standing.  *Id.*

Moreover, Plaintiffs cannot utilize a Rule 59(e) Motion as a means to amend their Third-Party Complaint.  Plaintiffs brought claims against KAMO in their individual capacities, and as KAMO aptly points out, the trust estate is not a party to this action, nor did Plaintiffs argue standing based upon their status as trust beneficiaries.  (*See* Docket Nos. 65; 95).  Instead, as discussed in the Court's Opinion and Order, Plaintiffs alleged they were "the heirs of Thomas Kemohah" and that KAMO's conduct caused injuries to Plaintiffs' ancestors or predecessors in interest and therefore to Plaintiffs.  (Docket No. 141 at 2, 8-9).

Further, it is improper for Plaintiffs to raise new issues or rely on additional authorities in a Rule 59(e) motion when they could have easily been raised in Plaintiffs' original briefing to KAMO's Motion to Dismiss.  For example, Plaintiffs cite to Oklahoma trust statutes and new caselaw in the Rule 59(e) Motion, which they allege support their standing to bring claims against KAMO for the time period of 1942-1998.  However, the Court provided Plaintiffs with ample opportunity to raise such issues or support to establish standing in their initial briefing to KAMO's Motion to Dismiss.  In fact, the Court allowed Plaintiff to address the standing issue on two subsequent occasions after filing their initial response to KAMO's Motion to Dismiss, wherein Plaintiffs continued to raise the same issues and arguments as raised in their initial response.  (*See* Docket Nos. 108; 125; 129).

As to the additional caselaw cited by Plaintiffs, it does not establish Plaintiffs' standing to bring claims against KAMO.  In continuation of their argument that they are now trust beneficiaries and therefore have standing, Plaintiffs for the first time rely on *Tanner-Brown v. Haaland*, 105 F.4th 437 (D.C. Cir. 2024).  (Docket No. 144 at 5-6).  However, *Tanner-Brown* does not support

Plaintiffs' standing argument in the context of this case. The theory of standing in *Tanner-Brown* was "premised on the alleged creation of a trust relationship and attendant fiduciary duties between the Interior Secretary and the minor allotees under . . . the 1908 Act." *Tanner-Brown*, 105 F.4th at 443. Tanner-Brown, the granddaughter of one of the minor allottees, alleged an injury in fact based upon "the Secretary's failure to provide an accounting of the allotment," claiming such injury "runs to her as the representative of [the] estate." *Id.* The Circuit Court agreed and reversed the lower court's decision, finding that Tanner-Brown's alleged injury was the lack of an accounting and that she "ha[d] standing to assert her claim for an accounting." *Id.* at 445-46. Thus, *Tanner-Brown* does not apply in this case, as it does not involve a claim against the government for an accounting, and as discussed herein, Plaintiffs did not bring their third-party claims on behalf of the trust.

Finally, Plaintiffs' contention that KAMO has an ongoing physical presence on the subject property until released by the Secretary of the Interior is nothing more than an improper rehashing of arguments previously considered by this Court. (Docket No. 144 at 8; *see also* Docket Nos. 108 at 5-7; 125 at 3-6; 129 at 3-4). Moreover, Plaintiffs arguments that they have standing to bring their fraud and slander of title claims against KAMO because the alleged fraud was only recently discovered and the assignment by KAMO created a continuing cloud upon the trust are new arguments that Plaintiffs could have raised in their initial briefing. (Docket No. 144 at 8-9). In any event, the Court views these new arguments as addressing the merits of Plaintiffs' claims, which do not bear on whether Plaintiffs have standing to bring their claims against KAMO. Such claims need not be addressed when a complaint is dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (*See* Docket No. 141 at 10 n.7).

Accordingly, Plaintiffs have in no way demonstrated that this Court's decision "misapprehended the facts, a party's position, or the controlling law." *Barber ex. rel. Barber v.*

*Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).  Nor have they shown that an amendment is necessary to "prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. In fact, all of Plaintiffs' arguments demonstrate their attempt to rehash issues already addressed and/or to raise new issues or facts that were wholly available to Plaintiffs at the time of their original arguments. *See id*.  Thus, Plaintiffs' Motion must be denied.

### Conclusion

For the reasons set forth herein, Third-Party Plaintiffs' Rule 59(e) Motion to Amend and Alter the Court's March 31, 2026, Opinion and Order and Brief in Support (Docket No. 144) is hereby **DENIED**.

**IT IS SO ORDERED** this 14th day of May, 2026.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT