## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THERESA MARIE SANDERS, et al., | ) |
| | ) |
|     Plaintiffs/Counterclaim Defendants/ | ) |
|     Third-Party Plaintiffs, | ) |
| | ) |
| v. | )     Case No. 24-CV-258-MTS |
| | ) |
| GRAND RIVER DAM AUTHORITY, | ) |
| | ) |
|     Defendant/Counterclaimant/ | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KAMO ELECTRIC COOPERATIVE, INC., | ) |
| et. al., | ) |
| | ) |
|     Third-Party Defendants. | ) |

## OPINION AND ORDER

Before the Court is Third-Party Plaintiffs' Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) and Brief filed on June 12, 2026.  (Docket No. 162).  In the motion, Plaintiffs/Third-Party Plaintiffs' Theresa Marie Sanders, Adrian Kemohah Sanders, Mahada Bernadette Sanders, James P. Boese, Monica Boese, and Alysha Boese ("Plaintiffs")  seek the entry of final judgment under Fed. R. Civ. P. 54(b) as to Third-Party Defendant Kamo Electric Cooperative, Inc.'s Motion to Dismiss Plaintiffs' Complaint/Third-Party Complaint Filed Against Kamo [and] Brief in Support.[1]  (Docket No. 105).  After reviewing Plaintiff's motion, the Court hereby denies it without prejudice to refiling for the reasons stated below.

---

[1] By Opinion and Order entered March 31, 2026, the Court granted Third-Party Defendant KAMO's Motion to Dismiss.  (Docket No. 141).  Plaintiffs filed a Rule 59(e) Motion to Amend and Alter the Court's March 31, 2026, Opinion and Order on April 6, 2026 (Docket No. 144), which the Court denied.  (*See* Docket Nos. 153, 156).

Upon examination of Plaintiffs' one-page motion and brief, it is evident to the Court that Plaintiffs made no effort to provide any factual or legal argument supporting their request for the entry of a Rule 54(b) judgment. Instead, Plaintiffs merely provide a truncated timeline of events and recite a portion of Rule 54(b) to the Court. While there may be merit to the motion, it is neither the Court's responsibility nor obligation to "fill in the blanks" of Plaintiffs' argument. *See Mann v. Boatright*, 477 F.3d. 1140, 1148 (10th Cir. 2007) ("It was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that Beverly filed"); *see also Mitchell v. City of Moore,* 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court was not obligated to comb the record in order to make [plaintiff's] arguments for him.").

**IT IS THEREFORE ORDERED** that Third-Party Plaintiffs' Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) and Brief (Docket No. 162) is hereby **DENIED WITHOUT PREJUDICE**. Should Plaintiffs opt to refile their motion, they should endeavor to file a substantive pleading setting forth a cogent argument with a proper factual and legal analysis.

**IT IS SO ORDERED** this 17th day of June, 2026.

_____

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT