**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **THERESA MARIE SANDERS, et al.,**<br><br>**Plaintiffs/Counterclaim Defendants/ Third-Party Plaintiffs,**<br><br>**v.**<br><br>**GRAND RIVER DAM AUTHORITY,**<br><br>**Defendant/Counterclaimant/ Third-Party Plaintiff,**<br><br>**v.**<br><br>**KAMO ELECTRIC COOPERATIVE, INC., et. al.,**<br><br>**Third-Party Defendants.** | ) | **Case No. 24-CV-258-MTS** |

**OPINION AND ORDER**

Before the Court is Third-Party Plaintiffs' Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) and Brief in Support. (Docket No. 166). For the reasons set forth herein, the Court hereby **DENIES** the Motion.

**Background and Procedural History**

On May 27, 2025, Plaintiffs Theresa Marie Sanders, Adrian Kemohah Sanders, Mahada Bernadette Sanders, James P. Boese, Monica Boese, and Alysha Boese ("Plaintiffs") filed their First Amended Complaint against Defendant Grand River Dam Authority ("GRDA"), which included claims against GRDA for quiet title, trespass, unjust enrichment, fraud, slander of title, injury to real property, and nuisance. [1] (Docket No. 65 at 5-11). Plaintiffs also included allegations that prior to GRDA's ownership of certain electric lines that traverse their property, KAMO

[1] The original Complaint was filed on June 4, 2024. (Docket No. 1).

Electric Cooperative, Inc. ("KAMO") owned and maintained the electric lines and utilized certain unapproved right-of-way easements from at least 1942 until KAMO assigned the easements to GRDA in 1998. *Id.* at 2-4.

On July 17, 2025, Plaintiffs filed a Third-Party Complaint against KAMO, asserting claims for quiet title, unjust enrichment, fraud, and slander of title arguing that KAMO unlawfully and willfully maintained the electric lines "starting from the dates of construction and continuing until on or about the date of the Assignment." (Docket No. 95 at 5-9). In response, KAMO filed its Motion to Dismiss Plaintiffs' Third-Party Complaint on August 5, 2025. (Docket No. 105). On August 19, 2025, Plaintiffs filed their response to KAMO's Motion to Dismiss. (Docket No. 108). On August 26, 2025, KAMO filed its reply to Plaintiffs' response. (Docket No. 110). On January 25, 2026, Plaintiffs filed their Additional Response in Opposition to KAMO's Motion to Dismiss. (Docket No. 125). On January 26, 2026, KAMO filed its Additional Briefing in Support of its Motion to Dismiss. (Docket No. 126). On February 2, 2026, Plaintiffs filed their Second Supplemental Brief in Opposition to KAMO's Motion to Dismiss. (Docket 129). On February 2, 2026, KAMO filed its List of Authorities. (Docket No. 130). The Court granted KAMO's Motion to Dismiss on March 31, 2026. (Docket No. No. 140).

Plaintiffs filed their Rule 59(e) Motion to Alter the Court's March 31, 2026, Opinion and Order and Brief in Support on April 6, 2026. (Docket No. 144). They argued that the Court's Opinion and Order contained "manifest errors of law and fact" creating "premature judicial involvement" that resulted "in a judgment on the merits." (Docket No. 144 at 2). As the Court noted in its Opinion and Order, Plaintiffs contend that the Court's finding "should be altered to address: first, injuries to [] Plaintiffs as [t]rust [b]eneficiaries under an existing [t]rust that has persisted since 1906; second, Plaintiffs' assertion that KAMO has an ongoing physical presence

on the subject property until released by the Secretary of the Interior; and third, viable claims such as fraud that did not accrue until the time of discovery." (Docket No. 156 at 4) (internal citations omitted).

On May 14, 2026, the Court entered its Opinion and Order denying Plaintiffs' motion. (Docket No. 156). The Court found that "it [was] improper for Plaintiffs to raise new issues or rely on additional authorities in a Rule 59(e) motion when they could have easily been raised in Plaintiffs' original briefing to KAMO's Motion to Dismiss." *Id.* at 6. Indeed, the Court "provided Plaintiffs with ample opportunity to raise such issues or support to establish standing in their initial briefing to KAMO's Motion to Dismiss. In fact, the Court allowed Plaintiff[s] to address the standing issue on two subsequent occasions after filing their response to KAMO's Motion to Dismiss, wherein Plaintiffs continued to raise the same issues and arguments as raised in their initial response." *Id.* Even if it were proper to consider Plaintiffs' additional authority, the Court deemed the cases to be immaterial to the issue of standing.

On June 12, 2026, Plaintiffs filed their Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) and Brief. (Docket No. 162). The Court denied the motion without prejudice on June 17, 2026, finding that Plaintiffs failed to raise any cognizable argument. (Docket No. 163). On August 19, 2026, Plaintiffs filed the instant Motion for Rule 54(b) Certification, asserting that the judgment in favor of KAMO is final. (Docket No. 166). Third-Party Defendant KAMO filed its Response on September 3, 2026.[2] (Docket No. 168). Plaintiffs filed their Reply on September 14, 2026. (Docket No. 169). As such, the Motion is ripe for review.

[2] GRDA did not file a response to the Motion.

**Discussion**

In order to grant a motion under Federal Rule of Civil Procedure 54(b), three requirements must be met: "(1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an express determination that there is no just reason for delay." *Hayes Tr. for Paul B. Hayes Fam. Tr., Dated Apr. 30, 2010 v. Chaparral Energy, LLC*, No. 14-CV-495-GKF-PJC, 2016 WL 11686477, at *1 (N.D. Okla. Mar. 29, 2016) (quotation omitted). However, "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when a dismissal of less than all their claims will create undue hardship." *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001), quoting *Gas–A–Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973).

In this case, the first two requirements of Rule 54(b) have been satisfied. As such, the sole issue before the Court is whether "there is no just reason for delay." Given that piecemeal appeals are heavily disfavored, a trial court evaluating this factor must "take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Specifically, the district court should weigh "Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." *United Bank of Pueblo v. Hartford Acc. & Indem. Co.*, 529 F.2d 490, 492 (10th Cir. 1976). "Factors the district court should consider are 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more

than once even if there were subsequent appeals.'" *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005), quoting *Curtiss-Wright Corp.*, 446 U.S. at 8.

When requesting certification under Rule 54(b), the moving party bears the burden of demonstrating that the relevant factors weigh in favor of an immediate appeal. Here, Plaintiffs offer little more than conclusory statements in support of their argument. The Court finds that granting the Motion would virtually guarantee piecemeal litigation, potentially requiring two separate trials and two separate appeals. Proceeding to a final judgment with the remaining active parties ensures that the Tenth Circuit Court of Appeals can review the litigation in its entirety, rather than bifurcating the threshold issue of standing from the underlying action. Accordingly, Plaintiffs' Motion is denied.

## Conclusion

For the reasons set forth herein, Third-Party Plaintiffs' Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) and Brief in Support (Docket No. 166) is hereby **DENIED.**

**IT IS SO ORDERED** this 16th day of September, 2026.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT